IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LEE R. MOLINE                                                                                         PLAINTIFF

                     v.                            Civil No. 13-3034

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                      DEFENDANT

MEMORANDUM OPINION

Plaintiff, Lee R. Moline, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.     **Procedural Background**

Plaintiff applied for DIB and SSI on December 6, 2010. (Tr. 11.) Plaintiff alleged an onset date of June 22, 2010 due to diabetes, high blood pressure, hernia (recently fixed), thyroid problems, kidney problems, bad knees, and right ankle problems. (Tr. 204.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on November 15, 2011 in front of Administrative Law Judge ("ALJ") Glenn Neel. (Tr. 54.) Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") John Massey. (Tr. 56.)

At the time of the administrative hearing, Plaintiff was 41 years old, and possessed a high school education and certified nurse's aide ("CNA") training. He had also attempted to become certified as an

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

EMT in 2005, but did not complete that training. (Tr. 59.) The Plaintiff had past relevant work experience ("PRW") of over-the-road trucker and CNA. (Tr. 26.)

On May 4, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: "bilateral knee degenerative joint, disease, right ankle degenerative joint disease (status post open reduction and fixation), obesity, umbilical hernia (status post-repair), non-insulin dependent diabetes mellitus, chronic renal insufficiency, gout, hypertension, adjustment disorder with mixed anxiety and depressed mood, pain disorder associated with both psychological factors and general medical condition, and cluster A and B personality traits. (Tr. 13.) The ALJ found that Plaintiff maintained the residual functional capacity to sedentary work with the following exceptions: "he cannot climb, kneel, crouch, or crawl; cannot reach overhead with his left upper extremity; can only occasionally balance, stoop, and operate foot controls; must avoid concentrated exposure to hazards; is limited to work where interpersonal contact is incidental to the work performed; is limited to work where the complexity of tasks is learned by rote, with few variables and use of little judgment; and is limited to work where the supervision required is simple, direct, and concrete. (Tr. 17.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as production assembler (such as lens inserter) and document preparer. (Tr. 27.)

Plaintiff requested a review by the Appeals Council on May 14, 2012. (Tr. 7.) The Appeals Council declined review on January 16, 2013. (Tr. 1.)

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from

that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**

Plaintiff raises three issues on appeal: 1) The ALJ erred by failing to give any consideration to the equivalence concept in determining that Plaintiff's knee and ankle problems do not equal Listing §1.02 for Major Dysfunction of a Joint; 2) the ALJ erred at Step 3 when he failed to discuss Listing §12.02 for organic brain impairment; and 3) the ALJ did not explicitly state that the burden shifts to the Commissioner in Step 5 of the analysis. Because this Court finds that the ALJ did not fully develop the record concerning Plaintiff's gout and chronic renal insufficiency, the specific issues raised by Plaintiff will not be addressed.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exists "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) (quoting *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983). Once the ALJ is made aware of a crucial issue that might change the outcome of a case, the ALJ must conduct further inquiry to fully develop the record. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004.); *see e.g. Vossen v. Astrue,* 612 F.3d 1011, 1016 (8th Cir. 2010) (ALJ's failure to recontact Commissioner's consultative physician to authenticate his report was reversible error when that report supported Plaintiff's claim).

Further, the Eighth Circuit has repeatedly held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) Therefore, a claimant's RFC assessment "must be based on medical evidence that addresses the claimant's ability to function in the workplace.""An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Instead, the ALJ should seek opinions from a claimant's treating physicians or from consultative examiners regarding the claimant's mental and physical RFC. *Id.*; *Strongson v. Barnhart,* 361 F. 3d 1066, 1070 (8th Cir. 2004.)

In this case, Plaintiff both testified to and provided objective medical evidence of crucial medical issues that could change the outcome of the case. Plaintiff testified that he was diagnosed with gout roughly

4

in his twenties. (Tr. 70.) The medical records in the transcript do not go back that far. However, he was diagnosed with gout on February 26, 2009 at the Baxter Medical Center Rheumatology Clinic. (Tr. 585-590.) At that time it was noted that his prior arthroscopic knee surgeries had not diminished pain and recurrent effusions. (Tr. 585.)  He was diagnosed with gout again on June 22, 2009 at Baxter Regional Medical Center. (Tr. 435.)Treatment records for his chronic renal insufficiency also start in 2009. (Tr. 656.) At the time of the hearing on November 15, 2014, he testified that he was taking "kidney pills" and several other medications.  (Tr. 72.) In a questionnaire that he filled out for his attorney on November 11, 2011, and referenced during that testimony, Plaintiff listed nine drugs that he was currently taking, including Indomethacin for gout and Enalapril for kidney issues. It also listed Tramadol and Hydrocodone APAP for pain. (Tr. 255.)

 However, neither of these diagnoses were considered in the Physical RFC completed on January 22, 2011, or in the subsequent requests for medical advice. Nor is there any record of a medical source statement addressing Plaintiff's ability to function in the workplace from his treating rheumatologist or nephrologist. The ALJ did include these diseases in the Plaintiff's list of severe impairments. However, he dismissed the effect of both diseases for lack of objective evidence and failure to seek treatment when assessing the Overall RFC. (Tr. 22-23.) Once the ALJ was made aware of a crucial issue that might change the outcome of a case, he had a duty to conduct further inquiry to fully develop the record. He did not. Further, because the record was not developed, the ALJ apparently assessed the effects of Plaintiff's gout and chronic renal sufficiency without the benefit of a medical opinion as to how these diseases might affect Plainitff's ability to function in the workplace. Both of these issues require a remand.

 Gout is classified as a type of inflammatory arthritis. http://www.cdc.gov/arthritis/basics/gout.htm. "Gout is precipitation of monosodium urate crystals into tissue, usually in and around joints, most often causing recurrent acute or chronic arthritis." http://www.merckmanuals.com/professional/

AO72A
(Rev. 8/82)

musculoskeletal_and_connective_tissue_disorders/crystal-induced_arthritides/gout.html?qt=gout&alt=sh. (last visited Jun. 25, 2014.) Acute gout will typically manifest as "an acutely red, hot, and swollen joint with excruciating pain." http://www.cdc.gov/arthritis/basics/gout.htm. (last visited Jun. 25, 2014.)

"Unlike most types of arthritis, which are chronic, gout is typically episodic, characterized by painful flares lasting days/weeks followed by long periods without symptoms." *Id.* Gout can manifest in four stages: asymptomatic tissue deposition, acute flares, intercritical segments, and chronic disease. Two of these four stages do not produce clinical symptoms. In the asymptomatic stage, the patient has no symptoms, they do have hyperuricemia, and the deposition of crystals is causing damage. The intercritical segments occur between flares. In these segments, the hyperuricemia and crystal deposition continue. *Id*

Risk factors for gout include cardiovascular disease, diabetes, renal disease, hypertension, obesity, and prior joint injury. *Id*.; see also http://gouteducation.org/medical-professionals/diagnosing-gout/gout-triggers/. (last visited Jun. 25, 2014.)

"Chronic kidney disease (CKD) is long-standing, progressive deterioration of renal function." http://www.merckmanuals.com/professional/genitourinary_disorders/chronic_kidney_disease/chronic_kidney_disease.html?qt=kidney%20disease&alt=sh (last visited Jun. 26, 2014.) Common causes of CKD include diabetic nephropathy and Metabolic Syndrome (hypertension and Type 2 Diabetes in tandem). *Id.* Patient's will typically be clinically asymptomatic until the disease progresses past the point of moderate renal insufficiency. *Id.*

On remand, the ALJ is directed to fully and fairly develop the record as to Plaintiff's gout and chronic renal insufficiency. As part of this development the ALJ must recontact Plaintiff's treating nephrologist and rheumatologist for clarification on Plaintiff's gout and chronic renal insufficiency. The ALJ is further directed to obtain an RFC assessment from both specialists. Once this information is obtained, the Plaintiff's Overall RFC should be re-assessed, and the information presented to a VE.

**IV.    Conclusion**

6

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of June 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE